NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-7374

ROSAURO G. BALBOA,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Rosauro G. Balboa, of Angeles City, Philippines, pro se.

Phyllis Jo Baunach, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With her on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Deborah A. Bynum, Assistant Director.  Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Michael G. Daugherty, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge Mary J. Schoelen

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-7374

ROSAURO G. BALBOA,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  February 8, 2007

_____

Before  LOURIE, BRYSON, and DYK, Circuit Judges.

PER CURIAM.

## DECISION

Rosauro G. Balboa appeals from an order of the United States Court of Appeals for Veterans Claims ("the Veterans Court") affirming a decision of the Board of Veterans' Appeals that rejected Mr. Balboa's claim to service connection for a respiratory disease, to include pulmonary tuberculosis.  Because Mr. Balboa's claims on appeal are not within this court's jurisdiction, we dismiss the appeal.

## BACKGROUND

Mr. Balboa served on active duty in the United States Army from July 1946 to March 1949.  Service records indicate that on or about January 19, 1949, Mr. Balboa was admitted to a hospital on Okinawa and that he was returned to duty on or about

February 8, 1949. The records do not state the nature of the illness that resulted in his confinement, and it appears that other records pertinent to Mr. Balboa's medical history may have been destroyed in a fire.

In September 1992, Mr. Balboa applied for service connection for respiratory disease, claiming that he received treatment for pulmonary tuberculosis during his 1949 stay in the Okinawa hospital. The Board of Veterans' Appeals denied that request, finding that there was insufficient evidence to support his claim. Mr. Balboa filed a notice of disagreement with that decision and submitted additional evidence. Among the items of evidence he submitted was an affidavit from a fellow service member who stated that he had visited Mr. Balboa during his period of hospitalization and that Mr. Balboa was confined in a tuberculosis ward at that time.

In August 2000, the Board considered the additional evidence and concluded that Mr. Balboa had failed to show that he had tuberculosis in service or that that the disease became manifest within the three-year presumptive period following his service that would establish service connection for tuberculosis. See 38 C.F.R. §§ 3.307, 3.371. Mr. Balboa subsequently challenged the August 2000 decision, claiming that it constituted clear and unmistakable error. The Board concluded that the August 2000 decision "was not inconsistent with evidence then of record; and it is not shown that the applicable statutory and regulatory provisions existing at the time were either not considered or were misapplied." Mr. Balboa appealed that decision to the Veterans Court, which upheld the Board's decision. Mr. Balboa now seeks review of the Veterans Court's decision.

DISCUSSION

Although Mr. Balboa asserts that the Veterans Court decision was based on a misapplication of the relevant statutes and regulations, the substance of his appeal is that the underlying factual determinations made by the Board of Veterans' Appeals were erroneous. He argues that the Board erred in disregarding the statement of a fellow service member who claimed to have visited him in the tuberculosis ward of the Okinawa hospital where he was confined in 1949. He also argues that the Board erred when it failed to find clear and unmistakable error based on other evidence he offered about later treatment he received for his pulmonary condition. The Board held that Mr. Balboa's evidence, all of which consisted of lay evidence and none of which directly established the nature of his condition in 1949, was insufficient to establish service connection for his disability.

The Board's assessment of the proffered evidence and its conclusion that the evidence was insufficient to meet Mr. Balboa's burden to establish service connection were purely factual determinations. In reviewing the Board's determination, the Veterans Court analyzed the evidence presented by Mr. Balboa in detail. Based on its review of the Board's ruling, the Veterans Court rejected Mr. Balboa's argument that the Board erred in concluding that Mr. Balboa's evidence did not support his contention that the earlier ruling on his claim constituted clear and unmistakable error.

In his brief in this court, Mr. Balboa makes reference to several statutes, regulations, and constitutional provisions. In substance, however, his arguments simply challenge the Board's conclusions as to the weight to be given the evidence that he offered in support of his effort to reopen his claim. Pursuant to 38 U.S.C. § 7292, we

2006-7374                                         3

have no jurisdiction to hear challenges to factual determinations, nor do we have jurisdiction to entertain challenges to the application of law to fact. Mr. Balboa has not raised any legal issue regarding the interpretation of a statute, regulation, or constitutional provision that was resolved against him by the Veterans Court. Instead, he has simply challenged the Board's conclusion as to the weight of the evidence in the case. Because we lack jurisdiction to address such claims, we dismiss Mr. Balboa's appeal.